## PEOPLE v. LEWIS.

CRIMINAL LAW — DUE PROCESS — RIGHT TO JURY TRIAL — RIGHT TO COUNSEL—ADVICE OF RIGHTS.

Failure at the time of accepting defendant's plea of guilty to advise him of his rights to jury trial and to be provided with counsel if he could not afford to hire his own was not a denial of defendant's constitutional rights where the trial judge did fully advise the defendant of these rights at his arraignment several weeks before (GCR 1963, 785.3).

Appeal from Kent, Hoffius (Stuart), J. Submitted Division 3 October 8, 1968, at Grand Rapids. (Docket No. 4,560.) Decided October 22, 1968.

Herman J. Lewis was convicted on plea of guilty of illegal possession of narcotic drugs. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *S. J. Venema,* Assistant Prosecuting Attorney, for the people.

*James Flaggert,* for defendant on appeal.

PER CURIAM. This appeal challenges defendant's conviction entered on his plea of guilty of the crime

---

REFERENCE FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 486 *et seq.*

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR 2d 549.

of illegal possession of narcotic drugs, CLS 1961, § 335.153 (Stat Ann 1957 Rev § 18.1123). The allegation on appeal is that the requirements of GCR 1963, 785.3, were not complied with in that the trial judge did not inform the defendant of the right to have counsel appointed for him and have a jury trial so as to render this a valid plea of guilty.

A reading of the transcript of the arraignment proceedings, which took place on June 9, 1967, reveals that the trial judge clearly informed the defendant of his right to a jury trial and to have counsel appointed. The fact that the trial judge at the time of the taking of the plea, which was on July 26, 1967, the date set for trial, did not again apprise the defendant of his rights, in no way constitutes a denial of the defendant's constitutional rights or a miscarriage of justice.

Affirmed.

LESINSKI, C. J., and FITZGERALD and TEMPLIN, JJ., concurred.